UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

JOHNNY MILLER,

        Petitioner,                      08 Civ. 5286 (KMK)(LMS)

    - *against* -

                                                 **REPORT AND**
D.F. NAPOLI, Superintendent,             **RECOMMENDATION**
Southport Correctional Facility,

        Respondent.

―――――――――――――――――――――――――――

TO:    THE HONORABLE KENNETH M. KARAS,
         UNITED STATES DISTRICT JUDGE

        Petitioner, Johnny Miller ("Petitioner"), proceeding *pro se*, files this petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his sentence pursuant to a plea of guilty to one count of Robbery in the First Degree (N.Y. Penal Law § 160.15(4)), which was the first charge included in Dutchess County Indictment #65/2004. Petition (herein, "Pet.") at 1; Respondent Exhibit 2 (herein, "Resp. Ex.")(Indictment). On October 12, 2005, Petitioner was sentenced in the County Court of Dutchess County to a determinate term of eight (8) years in prison with a five (5) year period of post-release supervision and restitution in the amount of $7,250. Resp. Ex. 17 (Sentencing Minutes) at 9. Petitioner is currently incarcerated at the Fishkill Correctional Facility in Beacon, New York. Notice of Change of Address, Docket #15.

        Petitioner seeks habeas relief on three grounds: (1) that the photo array used to identify Petitioner was unduly suggestive; (2) that Petitioner's plea was involuntary and unintelligent; and (3) ineffective assistance of trial counsel. Pet. at 4; Resp. Ex. 18 (Appellate Brief); Resp.

1

Ex. 22 (N.Y.C.P.L. §440.10, Motion to Vacate).[1]

## I. BACKGROUND

### A. The Crime

Petitioner admitted during his Plea Allocution that Petitioner, Franky Ramirez, "Morano," and "Oscar" agreed to rob the Pronto & Vio Money Wire Store in Poughkeepsie, New York.  Resp. Ex. 11 (Plea) at 14.  Petitioner stated that he and the three other men drove to the store and Petitioner and Ramirez waited in the car while Morano and Oscar went inside the store to look around.  Plea at 17.  Morano and Oscar came back to the car and told Petitioner and Ramirez that "the lady was all by herself" so the four of them should "go ahead with it."  Plea at 15.  Petitioner and the other three men proceeded to rob the people in the store, using what appeared to be a handgun.[2]  Plea at 18-19; Sentencing at 5-9.

### B. Procedural History

On August 5, 2004, Petitioner was indicted in Dutchess County, Indictment #65/2004, for one count of Robbery in the First Degree (N.Y. Penal Law § 160.15(4)) and one count of Robbery in the Second Degree (N.Y. Penal Law § 160.10(1)).  Resp. Ex. 2 (Indictment).  In an omnibus motion, Petitioner's counsel sought a so-called Wade hearing to determine the admissibility of an identification of Petitioner made by the victim after looking at a photo array.[3]

---

[1] Petitioner has not submitted a Memorandum of Law with his habeas petition but simply describes his grounds in brief for each count and, additionally, refers the Court to the arguments detailed in his Appellate Brief and his N.Y.C.P.L. §440.10 Motion to Vacate.

[2] There is conflicting testimony, at the Plea Hearing and later at the Sentencing, as to Petitioner's exact role in the robbery.  Plea at 17-19; Sentencing 5-9.  It is not necessary for the purposes of this Report and Recommendation to delve into this issue.

[3] The purpose of a Wade hearing is to determine before trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court

Resp. Ex. 5 (Omnibus Motion).  The People opposed the motion; the court held a Wade hearing to determine whether the photo array used by the People had been unduly suggestive.  At the Wade hearing, Detective Robert McCready testified about how he assembled the pictures for the photo array and that the victim immediately identified Petitioner as one of the men who had robbed the people in the store.  Resp. Ex. 8 (Wade Hearing) at 5-9.  By Decision and Order dated January 6, 2005, the County Court denied Petitioner's request to suppress the victim's identification of Petitioner, ruling that "[t]he other photographs in the array were sufficiently similar in appearance so that no characteristic would influence the viewer toward choosing the [Petitioner]."  Resp. Ex. 10 (Decision and Order) at 4.

On the eve of trial, Petitioner decided to plead guilty to one count of Robbery in the First Degree (N.Y. Penal Law §160.15(4)).  Plea at 2.  The Court informed Petitioner about his right to continue with a jury trial and the consequences of pleading guilty.  Id. at 6-8.  The Court then questioned Petitioner regarding the services of his attorney, his state of mind at the time of the plea, and whether or not he had been pressured or threatened to plead guilty.  Id. at 8-11.  Petitioner stated that he was pleading guilty of his own free will and that he understood what the possible terms of imprisonment were for Robbery in the First Degree.  Id. at 9-12.  The Court found that the Petitioner pled guilty "knowingly and voluntarily and admitted the essential elements of [the] crime."  Id. at 19.

On June 20, 2005, Petitioner's new counsel filed a motion to withdraw Petitioner's guilty plea.  Resp. Ex. 12 (Motion).  In a Decision and Order, dated August 22, 2005, the County Court denied Petitioner's request to withdraw his guilty plea, ruling that there was insufficient

---

identification. See United States v. Wade, 388 U.S. 218 (1967).

evidence that Petitioner was coerced into pleading guilty and also noting that it was "too coincidental that [Petitioner] did not begin his attempt to withdraw his guilty plea until [the witness that was scheduled to testify against Petitioner] had absconded." Resp. Ex. 16 (Decision and Order). On October 12, 2005, Petitioner was sentenced to a determinate sentence of eight (8) years in prison with a five (5) year period of post-release supervision and restitution in the amount of $7,250. Resp. Ex. 17 (Sentencing Minutes) at 9.

Petitioner then directly appealed to the New York Supreme Court, Appellate Division, Second Department, raising only one ground: that Petitioner's photo array was unduly suggestive.[4] Resp. Ex. 18 (Appellate Brief). By Decision and Order dated October 10, 2006, the Appellate Division affirmed Petitioner's conviction, holding that "the photo array from which the complainant identified [Petitioner] was not unduly suggestive." People v. Miller, 33 A.D.3d 728 (2d Dept. 2006); Resp. Ex. 20. Petitioner then sought leave to appeal to the New York State Court of Appeals, which was denied on March 12, 2007. People v. Miller, 8 N.Y.3d 925 (2007).

Petitioner subsequently filed a *pro se* "Motion to Set Aside Sentence Pursuant to C.P.L. §440.30," raising two issues: the voluntariness of his guilty plea and ineffective assistance of trial counsel. Resp. Ex. 22 (Motion to Set Aside). The County Court properly noted, in its Decision and Order of November 16, 2007, that Petitioner's motion was actually a Motion to Vacate Judgment pursuant to N.Y.C.P.L. §440.10. Resp. Ex. 25 (Decision and Order) at 1. The County Court held that because Petitioner could have raised these two issues on direct appeal but failed to do so, he was procedurally barred from bringing these claims in a N.Y.C.P.L. §440.10 motion. Id. at 8. Petitioner sought leave to appeal this decision to the Appellate Division,

---

[4]Petitioner's guilty plea did not include a waiver of his right to appeal, and therefore the People did not argue that the plea barred this issue from consideration on appeal.

Second Department, but his petition was denied on March 31, 2008.  Resp. Ex. 28.  On April 25, 2008, Petitioner timely filed this petition for a Writ of Habeas Corpus and he has no other appeals or petitions pending.  Pet. at 5.

## II.     DISCUSSION

### A.     Standard of Review

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under the AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971).  In the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights."  See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney General of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982).  The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254(b), (c):

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion doctrine has been satisfied.  See Klein v. Harris, 667 F.2d 274, 282 (1981).  First, the petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate state courts.  Picard v. Connor, 404 U.S. at 275-76.  "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.' "  Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191).  In other words, the claim must have been presented in a way that is "likely to alert the court to [its] federal nature."  Daye, 696 F.2d at 192.  The fair presentation requirement is satisfied if the state court brief contains phrases, such as "under the Due Process Clause" or "under the Constitution," that point to the petitioner's reliance on the United States Constitution as his or her legal basis for relief.  Klein, 667 F.2d at 282 (internal citations omitted).  A claim may be considered "presented" even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his or her claim before the state court, did one of the following: (1) relied on pertinent federal cases that employ constitutional analysis, (2) relied on pertinent state cases that apply constitutional analysis in like fact situations, (3) asserted his or her claim in terms so particular as to call to mind specific constitutionally-protected rights; or (4) alleged a fact pattern that falls within the mainstream of constitutional litigation.  See Daye, 696 F.2d at 186; Irving v. Reid, 624 F. Supp. 787, 789 (S.D.N.Y. 1985).

Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court.  Klein, 667 F.2d at 282.  Where a petitioner fails to present his or her federal constitutional claim to the highest state court, the claim cannot be considered exhausted.  Id.

(citing Williams v. Greco, 442 F. Supp. 831, 833 (S.D.N.Y.1977)).  There is, however, another avenue available for exhaustion purposes.  A petitioner who has failed to exhaust state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction.  See Klein, 667 F.2d at 282; see also Johnson v. Metz, 609 F.2d 1052, 1055-56 (2d Cir. 1979) (instructing habeas petitioner who did not fairly present claim in the course of his direct appeals in New York state courts to proceed by filing a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10).  If collateral relief is denied, the petitioner may satisfy the exhaustion requirement by employing the state appellate procedures available for review of such denial.  Id. at 282-83.

Generally, a state prisoner has one year from the date his or her conviction becomes final to file a habeas petition in federal court.  28 U.S.C. § 2244(d)(1).  This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The limitations period is tolled while ". . . a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  The limitations period may also be equitably tolled if a petitioner can show that "extraordinary circumstances prevented him [or her] from filing his [or her] petition on time."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  After a petitioner has met these threshold requirements, a federal district court generally may hear "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

**B.     Petitioner's Claims**

**1.     *Petitioner's photo array was not unduly suggestive.***

Petitioner contends that his constitutional rights were violated because the photo array from which the victim identified Petitioner was unduly suggestive. Pet. at 4; Resp. Ex. 18, Appellate Brief. Specifically, Petitioner argues that because he was the only person smiling in his photo and because the background of his photo was a bit darker than the others, his photo "fairly leapt off the page, which made it unnecessarily suggestive." App. Brief at 9. Respondent counters that the photo array was not unduly suggestive because differing lighting and facial expressions are not substantial enough differences to cause suggestiveness. Resp. Mem. at 4-10.

When reviewing a state court decision, a federal court shall presume that the state court's findings of fact are correct and "the [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Skinner v. Duncan, No. 01 Civ. 6656 (DAB)(AJP), 2003 WL 21386032 at *28 (S.D.N.Y. June 17, 2003)(internal quotes and citation omitted).[5] Thus, a federal court is "limited to an inquiry into whether the conclusion of the state trial court was unreasonable based on the evidence presented and whether petitioner has presented evidence in the District Court that clearly and convincingly rebuts the presumption that the state court's factual findings are correct." Id.

The question of whether an identification procedure was so suggestive that it violated the defendant's right to due process is a mixed question of law and fact. Sumner v. Mata, 455 U.S. 591, 597 (1982). As noted above, the state court's factual findings are presumed to be correct, and may be rebutted only by clear and convincing evidence. 28 U.S.C. §2254(e)(1); see

---

[5]In the spirit of Local Civil Rule 7.1(c), copies of the opinions with only WestLaw cites are attached to the copy of this Report and Recommendation which is sent to Petitioner.

Ragunauth v. Ercole, No. 07 Civ. 1692 (NG), 2008 WL 5401586 at *7-8 (S.D.N.Y. Dec. 23, 2008). This Court must therefore presume that the state court's finding, which was that "the other photographs in the array were sufficiently similar in appearance so that no characteristic would influence the viewer toward choosing the [Petitioner]" (Resp. Ex. 10 at 4), was correct. Petitioner has presented no evidence which would clearly and convincingly rebut that presumption of correctness. Indeed, a review of the array itself (Resp. Ex. 9) fully supports the state court's finding. Having reached that conclusion, this Court must next consider whether the state court's decision to admit the victim's identification testimony at trial was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The Supreme Court has held that "a suggestive pre-indictment identification procedure does not in itself intrude upon a constitutionally protected interest." Manson v. Brathwaite, 432 U.S. 98, 113 n. 13 (1977). However, "[s]uggestive confrontations are disapproved because they increase the likelihood of misidentification" and it is "the likelihood of misidentification which violates a defendant's right to due process." Neil v. Biggers, 409 U.S. 188, 198 (1972). "The linchpin of admissibility, therefore is...whether the identification is reliable." Dunnigan v. Keane, 137 F.3d 117, 128 (2d Cir. 1998). See also Manson, 432 U.S. at 114 ("We therefore conclude that reliability is the linchpin in determining the admissibility of identification testimony"). Therefore, a pre-trial photo array would violate a petitioner's constitutional rights if the "procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." United States v. Simmons, 390 U.S. 377, 384 (1968).

The issue for this Court on habeas review is whether the Wade decision by the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. §2254(d)(1). The state appellate court in the instant case echoed the trial court by

9

determining that the photo array was not unduly suggestive because Petitioner's "photograph did not have a significantly darker background....[Petitioner's] appearance and facial expression did not differ greatly from those of the men in the other photographs." People v. Miller, 33 A.D.3d 728 (2d Dept. 2006); Resp. Ex. 20.  Minor differences, such as differing backgrounds and facial expressions, do not rise to the level of suggestiveness in a photo array.  See United States v. Bautista, 23 F.3d 726, 731 (2d Cir. 1994) *cert. denied,* 513 U.S. 862 (1994)("While it is true that the photograph of Minier-Contreras is slightly brighter and slightly more close up than the others, we find that these differences did not render the array suggestive"); see also United States v. Hamideh, No. 00 CR 950 (NRB), 2001 WL 11071 at *1 (S.D.N.Y. Jan. 3, 2001)("The only distinguishing characteristic is that defendant Hamideh is smiling in his photo, while the other five individuals are not.  This single difference cannot support even the threshold showing of suggestiveness").

This Court has been provided with a copy of the photo array used during Petitioner's pre-trial identification.  Resp. Ex. 9.  The other photos in Petitioner's photo array include men of similar skin tone, hair length, and facial hair.  Id.  Although Petitioner is the only man smiling and the background of his photo is a slightly different color than the others, these differences are not significant enough to create suggestiveness in the photo array.  Thus, this Court finds that the state court's decision on this issue was not contrary to or an unreasonable application of Federal law, and Petitioner's claim in this regard must be dismissed.

> **2.** ***Petitioner's claims of ineffective assistance of counsel and that his plea was involuntary are procedurally barred.***

Petitioner argues for habeas relief on the grounds that his trial counsel was ineffective for advising Petitioner to accept the plea bargain offered by the People and that Petitioner "had no

knowledge or understanding what (sic) he was pleading guilty to." Resp. Ex. 22 (§440 Motion); Pet. at 4.  Respondent contends that Petitioner's claims are procedurally barred and should be dismissed.  Resp. Mem. at 10-17.

The Supreme Court has held that a federal court may not review a claim in a habeas petition "when a state court declined to address a prisoner's federal claim because the prisoner had failed to meet a state procedural requirement."  Coleman v. Thompson, 501 U.S. 722, 730 (1991).  This decision is grounded in the idea that the state has "independent and adequate state grounds" for such a dismissal and federal courts are ever mindful of notions of "comity and federalism."  Harris v. Reed, 489 U.S. 255, 260 (1989); Coleman, 501 U.S. at 730.  In other words, "an adequate and independent finding [by a state court] of a procedural default will bar federal review of the federal claim."  Harris, 489 U.S. at 262.  Petitioner can overcome such a procedural default if he or she can show "cause for the procedural default and prejudice attributable thereto" (Harris, 489 U.S. at 262) or "actual innocence" (Schlup v. Delo, 513 U.S. 298 (1995)).

Petitioner's claims regarding ineffective assistance of counsel and the voluntariness of his plea were first raised in Petitioner's N.Y.C.P.L. §440.10 Motion to Vacate.  Resp. Ex. 22. In the Decision and Order on that motion, the County Court held that Petitioner's "arguments seeking the vacatur of his judgment all revolve around matters that occurred on the record...[I]f the record is sufficient to permit review of the issue on direct appeal, the sufficiency of the same cannot collaterally be reviewed in a CPL Art. 440 proceeding....[T]he defendant's motion must be denied."  Resp. Ex. 25 at 4.  This type of a procedural default is an independent and adequate state ground for denial of a claim and, therefore, precludes a federal court from considering the matter on habeas review.  See also Hughes v. Phillips, 457 F. Supp. 2d 343, 369 (S.D.N.Y. 2006)

("[T]he Appellate Division's invocation of the procedural bar was an independent and adequate State ground for denial of relief that prevents habeas relief"). Furthermore, Petitioner has provided neither proof of cause for the procedural default, nor any prejudice attributable thereto. He has also failed to assert his actual innocence. Therefore, Petitioner's second and third claims must be dismissed.

### III.    CONCLUSION

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the instant habeas petition should be dismissed. As the petition presents no questions of substance for appellate review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue. Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979). I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

### IV.    NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: March 8, 2011
White Plains, NY

Respectfully submitted,

LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

Honorable Kenneth M. Karas, U.S.D.J.
300 Quarropas Street
White Plains, New York 10601

Johnny Miller, #05-A-5419
Fishkill Correctional Facility
P.O. Box 307
Beacon, New York 12508

Bridget Rahilly Steller, ADA
Dutchess County District Attorney's Office
236 Main Street
Poughkeepsie, New York 12601