UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHNNY MILLER,

                     Petitioner,

   -v-

D.F. NAPOLI, SUPERINTENDENT,

                     Respondent.

No. 08-CV-5286 (KMK) (LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

Petitioner Johnny Miller ("Petitioner"), proceeding pro se, filed this petition for a Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254, challenging his sentence pursuant to a plea of guilty to one count of Robbery in the First Degree (N.Y. Penal Law § 160.15(4)), which was the first charge included in Duchess County Indictment #65/2004. (Pet. 1; Resp. Ex. 2.) On October 12, 2005, Petitioner was sentenced in the County Court of Dutchess County to a determinate term of eight years in prison with a five-year period of post-release supervision and restitution in the amount of $7,250. (Resp. Ex. 17 (Sentencing Minutes) at 9.)

Petitioner seeks habeas relief on three grounds: (1) that the photo array used to identify Petitioner was unduly suggestive; (2) that Petitioner's plea was involuntary and unintelligent; and (3) ineffective assistance of trial counsel. (Pet. at 4; Resp. Ex. 18 (Appellate Brief); Resp. Ex. 22 (N.Y.C.P.L. §440.10, Motion to Vacate).)[1]

The case was referred to the Honorable Lisa Margaret Smith. (Dkt. No. 3.) On March 8,

---

[1] Petitioner has not submitted a Memorandum of Law with his habeas petition but simply describes his grounds in brief for each count and, additionally, refers the Court to the arguments detailed in his Appellate Brief and his N.Y.C.P.L. § 440.10 Motion to Vacate.

2011, Magistrate Judge Smith issued a Report and Recommendation ("R&R") recommending that this Court dismiss the Petition and further concluding that the Petition presents no questions of substance for appellate review and that a certificate of appealability should not be issued. Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), Petitioner was given fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, *see* Fed. R. Civ. P. 6(a), from March 8, 2011, to file written objections to the R&R. Accordingly, Petitioner was given until March 25, 2011 to file an objection but did not do so.[2]

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Whitfield v. Graham*, No. 10-CV-3038, 2011 WL 5994955, at *1 (S.D.N.Y. Nov. 29, 2011) ("When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record."); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (same). The Court has reviewed the R&R and the Petition, and the Court adopts the recommendation in the R&R and dismisses the petition.

One point, however, merits amplification. Petitioner's Due Process challenge to the photo array raises a mixed question of law and fact. *See Sumner v. Mata*, 455 U.S. 591, 596-97 (1982). The state court concluded that the "photographs in the array were sufficiently similar in

---

[2] After Magistrate Judge Smith issued the R&R, the Clerk's Office mailed a copy to Petitioner at his last known address. However, immediately following the issuance of the R&R, Petitioner filed a change of address with the Court. (Dkt. No. 18.) Accordingly, Magistrate Judge Smith directed the Clerk of the Court to re-mail the R&R to Petitioner at his new address. (Dkt. No. 19.) The seventeen-day period during which Petitioner had to file his written objections started to run from May 24, 2011, the date of this Order. The Clerk's Office mailed the copies.

appearance so that no characteristic would influence the viewer toward choosing the [Petitioner]." (Resp. Ex. 10 at 4.) Whatever the merits of the trial court's presumptively correct factual conclusion that the photos in this array are similar, the Court has no difficulty concluding that, as a matter of law, the trial court's decision to admit the identification based on this array was consistent with clearly established Supreme Court precedent. It is simply "not required . . . that all of the photographs in the array be uniform with respect to a given characteristic." *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir. 1986). Minor differences between photos in an array do not rise to the level of suggestiveness. *See United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) ("While it is true that the photograph of [the defendant] is slightly brighter and slightly more close-up than the others, we find that these differences did not render the array suggestive."); *United States v. Gonzales*, No. 09-CR-0718, 2011 WL 766580, at *3 (E.D.N.Y. Feb. 25, 2011) ("Neither the blue background of the photo nor Defendant's barely visible orange shirt is sufficient to create a risk of misidentification."); *United States v. Hamideh*, No. 00-CR-0950, 2001 WL 11071, at *1 (S.D.N.Y. Jan. 3, 2001) ("The *only* distinguishing characteristic is that defendant Hamideh is smiling in his photo, while the other five individuals are not. This single difference cannot support even the threshold showing of suggestiveness . . . ."). Moreover, a photo array is generally not suggestive where, as here, differences between the photographs could be attributed to differences in film quality or exposure, *see United States v. Adeniyi*, No. 03-CR-0086, 2003 WL 21146621, at *2 (S.D.N.Y. May 14, 2003) (finding that perceived differences in "skin tone" between the defendant and fillers did not render a photo array suggestive because such differences "could . . . easily be the product of different photographic or image quality . . . as the clarity and color quality of the images vary somewhat within the

3

array"), and where, as here, the photographed individuals share predominantly similar physical features, *see, e.g., Hornedo v. Artus*, No. 04-CV-3201, 2008 WL 346360, at *13 (E.D.N.Y. Feb. 6, 2008) (finding an array nonsuggestive because the individuals shared similar age, facial features, hair color, and facial hair); *United States v. Washington*, No. 05-CR-0558, 2006 WL 3359060, at *2 (E.D.N.Y. Nov. 17, 2006) ("The six men in the photo array are of similar age, complexion, hair color, and eye color.").

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated March 8, 2011 is ADOPTED.

It is further ORDERED that Petitioner's writ of habeas corpus is DENIED.

It is further ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. Of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

4

It is further ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated: White Plains, New York
September 14, 2012

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (For Mailing by Clerk's Office):

Johnny Miller
1064 Teller Avenue, Apt. 4F
Bronx, New York 10456

Bridget Rahilly Steller
Dutchess County District Attorney's Office
Dutchess County Courthouse
236 Main Street
Poughkeepsie, New York 12601

Copy To:
Honorable Lisa Margaret Smith
United States Magistrate Judge